IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

| | | |
|---|---|---|
| DEQUANDRA RHAMES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No.: |
| v. | ) | 2:16-CV-14141-RLR |
| | ) | |
| G4S YOUTH SERVICES, LLC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiff, Dequandra Rhames, and the Defendant, G4S Youth Services, Inc., (collectively, the "Parties"), hereby jointly move the Court to approve their agreement to settle this case, including their agreement with respect to attorney's fees, and to dismiss this action with prejudice. The grounds upon which the instant motion to based are as follows:

1. Pursuant to case law regarding settlement of claims arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA"), there are two ways in which claims under the FLSA can be settled and released by employees. First, § 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under § 216(b) of the FLSA or a collective action by multiple employees to recover against an employer as outlined in § 216(b) of the FLSA, employees may settle and release FLSA claims against an employer if the Court reviews and approves the fairness of the

settlement. *Id.*; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provide some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. This, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

2. Plaintiff, Dequandra Rhames, brought this lawsuit against Defendant alleging that she was misclassified as an exempt employee and not paid overtime compensation for the hours she worked over 40 in a workweek in violation of the FLSA. [DE #1].

3. Defendants deny that Plaintiff was misclassified as an exempt employee.

4. Defendants further deny that Plaintiff worked fifty (50) to sixty (6) hours per week, as alleged in her Complaint, because, after reviewing Plaintiff's pay and time records, they show that the maximum number of overtime hours she worked during her employment with Defendant was 20.679 which, based on a half-time rate of $5.42, would entitle Plaintiff to $112.08 in alleged unpaid overtime.

5. Nonetheless, in order to avoid the uncertainties of litigation, as well as incurring additional fees and costs, the parties have engaged in good faith settlement negotiations regarding the Plaintiff's claim. To that end, the parties, through their respective counsel, have exchanged documents with regard to the number of hours Plaintiffs worked and any alleged unpaid overtime.

6. All parties concede that there exist bona fide disputes regarding liability and damages, that make this matter attractive to a compromise agreement that will permit everyone to avoid the uncertainties of litigation and additional fees and costs. Accordingly, the parties agreed to enter into a compromise agreement as set forth in **Exhibit A** which will pay Plaintiff a total of $1,500.00 resulting in a complete recovery of all wages that Plaintiff claims to be owed.

7. Therefore, even conceding that Plaintiff was misclassified as an exempt employee and was owed overtime compensation, which Defendant contends she was not, Plaintiff is being paid well in excess of the $112.08 she may be owed based upon a review of her pay and time records which show she worked 20.679 in overtime during her employment with Defendant. Therefore, this settlement represents a fair and reasonable resolution of this dispute.

8. With respect to the payment for attorney's fees and costs, the parties note that they negotiated them separately so as to not affect Plaintiff's recovery. *See Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) ("… the best way to ensure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addresses independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."). Moreover, when the Court must consider the reasonableness of any award of attorney's fees, it is not required to conduct "an in depth analysis … unless the unreasonableness of such an award is apparent form the face of the documents." *King v. My Online Neighborhood., Inc.*, 2007 WL 737575 (M.D. Fla. Mar. 7, 2007) (Court not finding the attorneys' fees grossly excessive where the two plaintiffs received a total of $4,500 and plaintiff's counsel received $10,500 in attorney's fees and costs).

9. Plaintiff's attorney's fees and costs were calculated based on Plaintiff's counsel's hourly rate of $250.00 and he expended 9.3 hours in this case and incurred $464.03 in costs. As such, Plaintiff's attorney's fees and costs of $1,500.00 is fair and reasonable considering that his actual fees and costs exceeded this amount. *See* attached time records and costs attached as **Exhibit B**.

10. In short, the proposed settlement is the product of serious and informed discussions between the parties and reflects compromises by each of them. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

11. Defendants agree that the agreed amount of attorney's fees and costs to be paid are fair and reasonable.

## **CONCLUSION**

WHEREFORE, the Parties jointly and respectfully request that this Court approve the settlement in this case.

Respectfully submitted this 25th day of July, 2016.

| | |
|---|---|
| *s/ Joseph Odato, Esq.*<br>Joseph Odato<br>Florida Bar No. 0086201<br>E-mail: jodato@creedlawgroup.com<br>Creed Law Group<br>13043 West Linebaugh Ave.<br>Tampa, Florida 33626<br>Attorney for Plaintiff | */s/ John A. Rine*<br>John A. Rine, Esq.<br>Florida Bar No. 989400<br>E-mail: john.rine@lewisbrisbois.com<br>Lewis, Brisbois, Bisgaard & Smith, L.L.P.<br>3812 Coconut Palm Drive, Suite 200<br>Tampa, Florida 33619<br>Attorney for Defendant |